UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOHN P. FERRY,
<u>Debtor.</u>

HIRSCHKOP & ASSOCIATES, PC; PHILIP
J. HIRSCHKOP,                                                      No. 97-2220
<u>Plaintiffs-Appellants,</u>

v.

JOHN P. FERRY,
<u>Debtor-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-876-A, BK-92-13682)

Submitted: September 22, 1998

Decided: October 20, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Philip Jay Hirschkop, Marianne Ruth Merritt, HIRSCHKOP &
ASSOCIATES, P.C., Alexandria, Virginia, for Appellants. Bennett
Allan Brown, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hirschkop & Associates, P.C., and its President, Philip J. Hirschkop (collectively referred to as "Hirschkop") appeal a district court order affirming a bankruptcy court order enjoining them from certain acts in relation to a state action brought against John Paul Ferry concerning the payment of attorneys' fees. We affirm the district court order.[1]

The record discloses that John Paul Ferry retained Hirschkop in May 1991 to represent his interests and those of his corporation, CBF Associates, Inc., in ongoing divorce proceedings between Ferry and his wife.[2] During the course of Hirschkop's representation, Ferry agreed to pay Hirschkop all legal fees and costs incurred.

On July 30, 1992, Ferry's wife placed him in involuntary bankruptcy in U.S. Bankruptcy Court. Hirschkop continued to represent Ferry by handling his various legal matters, allegedly on the basis of Ferry's continued agreement during the pendency of the bankruptcy proceedings and even after the Order for Relief was entered, to pay attorneys' fees subject to the discharge and additional fees incurred before and after the filing of the Order for Relief. Hirschkop's ensuing representation included appealing certain issues involved in the divorce action to the Court of Appeals of Virginia. Hirschkop maintains that Ferry agreed to enter into a "Reaffirmation of Credit Obligation" to ensure that Hirschkop would receive payment despite the discharge. Hirschkop presents no formal written contract representing the agreement; rather, he presents an unsigned Reaffirmation of

_____

[1] We note that Appellee did not file a brief in this Court.
[2] Prior to this representation, in 1991, and once thereafter in early 1992, Ferry filed for voluntary bankruptcy proceedings. Both actions were ultimately dismissed.

2

Credit Obligation and several letters sent by Hirschkop to Ferry and Robert Mayer, the Chapter 7 Trustee, expressing Hirschkop's expectation of payment pursuant to an allegedly mutual agreement.

On June 22, 1993, the bankruptcy court entered an Order for Relief under Chapter 7 of the Code. Ferry was subsequently granted a discharge on November 19, 1993. The Order of Discharge reads: "The above-named debtor is released from all dischargeable debts . . . . All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void . . . are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor."

After the Order for Relief and the Order of Discharge, Hirschkop filed a proof of claim against Ferry seeking a priority claim of approximately $79,000. Based on negotiations between Hirschkop and the trustee, on May 21, 1996, the court entered an order allowing Hirschkop a priority claim in the amount of $25,000 and an unsecured claim of $54,660.51. The order states that Hirschkop "shall promptly dismiss with prejudice two state actions it filed against CBF Associates, Inc." The order further states that it "fully resolves any and all claims held by Hirschkop & Associates, P.C., against the Debtor and/or CBF Associates, Inc." Philip Hirschkop signed the order.

Hirschkop thereafter moved for entry of a "Consent Order to Amend Order." In seeking this amended order, Hirschkop claimed that when it submitted the original proof of claim, it erroneously included all debts owed by Ferry up to the time of the proof of claim's filing, rather than limiting the claim to debts incurred prior to the entry of the Order for Relief. On November 18, 1996, the court entered an order amending the May 21st order. Unlike the May 21st order, this order provides that it did not operate to release Ferry from any obligations that arose post-entry of that order.

In seeking payment on rendered legal services, Hirschkop filed suit in the Circuit Court for the City of Alexandria against Ferry in August 1996 for breach of contract and fraud. Hirschkop sought approximately $98,000 in legal fees and $350,000 in punitive damages. On February 28, 1997, Ferry moved for partial summary judgment claim-

3

ing that Hirschkop was precluded from seeking legal fees incurred prior to his discharge in bankruptcy, as stated in the May 21st order. Hirschkop argued that the parties entered into a new, separate, and enforceable contract after the entry of the Order for Relief and Order of Discharge, and therefore, the motion for partial summary judgment should not be granted. The state court denied the motion.

Ferry next sought relief from the bankruptcy court, filing a motion for entry of rule to show cause against the firm for allegedly violating the discharge order. The bankruptcy court held a hearing on April 15, 1997, on various motions. During the hearing, the court addressed not only Ferry's motion for entry of rule to show cause, but also his motion to vacate its order entered November 18, 1996. Moreover, the court specifically addressed the scope of potential claims Hirschkop could file in state court against Ferry for legal services.

In response to Ferry's "Motion for Expedited Hearing and for Entry of Order," the court, on May 6, 1997, without further hearing, entered an order in which it denied both Ferry's motion to vacate the November 26, 1996, order and his motion for entry of rule to show cause. The court also ordered that Hirschkop be enjoined from (1) "proceeding to collect from the debtor all fees incurred prior to the entry of the order for relief entered on June 22, 1993"; and (2) "bringing any and all state law claims against the debtor that accrued prior to the entry of the order for relief entered on June 22, 1993, without further order from th[e] Court." Hirschkop appealed the order to the district court, arguing that the bankruptcy court erred in issuing the injunctions. Hirschkop now appeals the district court's determination that the bankruptcy court order was not clearly erroneous.[3]

Because the district court sits as the appellate court in bankruptcy, this Court's review of the district court's decision is plenary. See

_____

[3] Subsequent to the district court's affirmance of the bankruptcy court's order entered on May 6, 1997, the Circuit Court for the City of Alexandria found against Ferry upon Hirschkop's suit for breach of contract and fraud. Hirschkop complains in this appeal, however, that it was able to recover only those fees and costs incurred after the Order for Relief was entered on June 22, 1993 due to the bankruptcy court's injunction of May 6, 1997.

4

Brown v. Pennsylvania State Employees Credit Union , 851 F.2d 81, 84 (3d Cir. 1988). Using the same standard as the district court, this Court will set aside a finding of fact made by the bankruptcy court if it is clearly erroneous. See Bank. R. 8013; In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). However, the clearly erroneous standard does not apply to findings of fact made on incorrect legal standards. See Consolidated Coal Co. v. Local 1643, UMWA, 48 F.3d 125, 128 (4th Cir. 1995). This Court's review of the bankruptcy court's application of law is de novo. See Johnson, 960 F.2d at 399.

Hirschkop first contends that the bankruptcy court erred in issuing the injunctions in violation of the requirements of Fed. R. Civ. P. 65 and contrary to applicable law and facts. With respect to the requirements of Fed. R. Civ. P. 65 for issuing an injunction, Hirschkop argues that the bankruptcy court failed to set out the specific reasons for its issuance and did not afford Hirschkop notice and an opportunity to be heard on the matter. He further argues that the injunction does not have appropriate specificity, is without reasonable reference to the acts sought to be restrained, and is without basis in law or fact, also in violation of Fed. R. Civ. P. 65.

The Bankruptcy Code makes clear that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2) (1994); see 11 U.S.C. § 727(b) (1994) (speaking of discharge of debts "that arose before the date of the order for relief"). Hirschkop has failed to show that the injunctions prohibit his taking any action not independently precluded by the statutory effect of the discharge. Given this failure, we find that the bankruptcy court was merely reiterating the operation of the discharge rather than invoking its injunctive powers under 11 U.S.C. § 105(a) (1994), [4] and we find that the

_____

[4] Section 105(a) authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5

order was not subject to the requirements of Fed. R. Civ. P. 65. <u>See United States v. Carolina Parachute Corp.</u>, 907 F.2d 1469, 1475 (4th Cir. 1990). Therefore, we do not address the issue of compliance with the Rule.**5**

Hirschkop next argues that the issuance of the injunctions was improper because they are inconsistent with the court's ruling at the April 15th hearing. Due to the relatively complex facts of this case, we begin with what transpired at the April 15th hearing. During that hearing, the bankruptcy court sought to define the scope of the debt owed to Hirschkop which was potentially recoverable in state court. Our review of the hearing transcripts reveals that the bankruptcy court first stated that Hirschkop could seek payment for any debt that was incurred post-petition. In this case, there was approximately a year between the filing of the petition and the Order for Relief, and Hirschkop's proof of claim was filed subsequent to the Order for Relief. Later in the hearing, the court clarified that any debt incurred prior to the entry of the Order for Relief was discharged and that debts incurred after the discharge presented a new case that might be pursued in state court. With respect to Hirschkop's state court breach of contract claim which allegedly arose before the Order of Discharge, the court, consistent with its earlier position, ruled that it could not proceed. It ordered Hirschkop to non-suit the case, to which Hirschkop agreed, but with the understanding that Hirschkop could raise the issue before the bankruptcy court at some future point.

After reviewing the language of the injunctions as set out in the court's May 6th order to which Hirschkop claims error, we reject Hirschkop's argument that the order is inconsistent with the rulings the court made during the April 15th hearing. Again, the order merely enjoins Hirschkop from proceeding to collect from Ferry all fees incurred prior to the entry of the Order for Relief entered in June 1993 and from bringing any state law claims against the debtor that accrued

_____

**5** Hirschkop's assertion that he was not afforded an opportunity to be heard is simply belied by the record. During the November hearing, the bankruptcy court gave both parties the opportunity to present the facts, their position, and arguments. Hirschkop presented his case at this time. The order does not cover any issue that was not discussed or presented to the court during that hearing.

6

prior to the entry of the Order for Relief without further order from the bankruptcy court.

Accordingly, we affirm the district court order. We further deny Hirschkop's Motion to Expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7